UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| WILLIE CHARLES BETHEA, | ) | Civil Action No. 4:06-cv-2604-TLW-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| | ) | |
| S.P. RICHARDS COMPANY d/b/a | ) | |
| SPARCO, S.P. RICHARDS COMPANY, | ) | |
| and SDI CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Presently before the Court is Plaintiff's Motion for Default Judgment (Document # 26) as to Defendant SDI Corporation (SDI).[1]  SDI has not responded to the Motion.  SDI is a foreign corporation headquartered in Taiwan.  On November 29, 2006, a Summons Returned Executed (Document # 22) was filed as to SDI, indicating that SDI was served with a translated copy of the Summons and Amended Complaint.

On January 8, 2007, when more than twenty (20) days had elapsed since SDI was served, and SDI had not filed an answer to Plaintiff's Amended Complaint or otherwise appeared, Plaintiff requested and the Clerk of Court made an Entry of Default (Document # 25) in the docket.

Plaintiff now moves for an entry of Default Judgment as to SDI and requests a hearing to determine Plaintiff's total damages as his claims are not for a sum certain and include non-economic damages.

_____

[1]This case was referred by the district judge to the undersigned for "all pretrial management and motions, including damages hearing."  See Document # 27.  Because Plaintiff's Motion for Default Judgment is a dispositive motion, this Report and Recommendation is entered for review by the district judge.

A review of the Affidavit of Service upon SDI Corporation (attached to the Summons Returned Executed, Document # 22) reveals that Hsu Chin Lien, a senior legal specialist, traveled to the security gate at SDI's registered address on October 30, 2006, for the purpose of serving Chen Jau Shiung, general manager of SDI. Lien Aff. at ¶¶ 2, 4-5. Hsu Chin Lien spoke with an employee of SDI at the security gate and asked for permission to deliver the documents to Chen Jau Shiung. Id. at ¶¶ 6-7. Chen Jau Shiung's secretary came to the security gate and Hsu Chin Lien informed her that he would like to personally deliver the documents to Chen Jau Shiung. Id. at ¶¶ 7-8. The secretary informed Hsu Chin Lien that Chen Jau Shiung was in a meeting but that she would pass the documents to him. Id. Hsu Chin Lien provided the Summons and Amended Complaint to Chen Jau Shiung's secretary. Id. On October 31, 2006, Hsu Chin Lien also mailed a copy of the Summons and Amended Complaint via registered mail to Chen Jau Shiung's attention. Id. at ¶ 9.

On July 31, 2007, the undersigned held a hearing via telephone conference on Plaintiff's Motion for Default Judgment and asked Plaintiff to provide a supplemental brief addressing the issue of whether service on SDI was proper.

Pursuant to Rule 4(h)(2), Fed.R.Civ.P., a foreign corporation may be served in any manner prescribed for service of process upon individuals in a foreign country set forth in Rule 4(f) except personal delivery as provided in Rule 4(f)(2)(C)(I). Rule 4(f) provides,

> **Service Upon Individuals in a Foreign Country**. Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in a place not within any judicial district of the United States:
> (1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; or
> (2) if there is no internationally agreed means of service or the applicable international agreement allows other means of service, provided that service is

reasonably calculated to give notice:
(A) in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction; or
(B) as directed by the foreign authority in response to a letter rogatory or letter of request; or
(C) unless prohibited by the law of the foreign country, by
(i) delivery to the individual personally of a copy of the summons and the complaint; or
(ii) any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served; or
(3) by other means not prohibited by international agreement as may be directed by the court.

Because Taiwan is not a signatory to the Hague Convention, Rule 4(f)(1) is inapplicable. Cosmetech International, LLC v. Der Kwei Enterprise and Co., LTD, 943 F.Supp. 311, 316 (S.D.N.Y. 1996). However, Plaintiff asserts that service was proper pursuant to Rule 4(f)(2)(A) because service on SDI was in accordance with the law of Taiwan. Article 131 of the Taiwan Code of Civil Procedure "expressly permits service upon a corporation by delivery to 'the manager concerned.'" Cometech, 943 F.Supp. at 316. In Cosmetech, the court found the defendant corporation was properly served by personal delivery of the summons and complaint to the corporation's General Manager and Sales Vice President. Id. Plaintiff in the present case asserts that "service of process upon Defendant SDI Corporation was effectuated upon the general manager of the corporation, Mr. Chen Jau Shiung, through his secretary." Plaintiff's Supplemental Brief at 3. However, Plaintiff has presented no evidence that service on the manager's secretary is proper under Taiwan law.

Plaintiff also argues that service via registered mail is proper under Taiwan law and cites to Trueposition, Inc. v. Sunon, Inc., No. 05-3023, 2006 WL 1686635, * 5 (E.D.Pa. June 14, 2006) for support. As noted in Trueposition, Article 124 of the Taiwan Code of Civil Procedure states "'[s]ervice of process shall be effectuated by an execution officer or post office delegated by the

-3-

court clerk. In cases of service effectuated by a post office, the relevant postman shall be deemed the person who effects service.'" Trueposition, at *5. However, Trueposition deals with service as provided in Rule 4(f)(2)(C)(ii) rather than Rule 4(f)(2)(A) and holds only that Taiwan law does not expressly prohibit service by registered mail. The court in Trueposition declines to determine whether service by mail is prescribed by Taiwan law as is required under Rule 4(f)(2)(A). Plaintiff in the present case has provided no authority for its assertion that service by mail is prescribed by Taiwanese law.

Furthermore, Plaintiff cannot rely on Rule 4(f)(2)(C)(ii), which provides that, unless prohibited by the law of the foreign country, service may be effected by "any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served." In the present case, Hsu Chin Lien, not the clerk of court, addressed and dispatched the mailing sent to Chen Jau Shiung. It should also be noted that this mailing did not include any form of return receipt.

In sum, Plaintiff has failed to establish that service was proper upon SDI. As such, it is recommended that Plaintiff's Motion for Default Judgment (Document # 26) be denied and Plaintiff be allowed an additional ninety (90) days in which to properly serve SDI. In the event that the district judge agrees that service was not proper, the Clerk of Court should be directed to remove the entry of default from the docket.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 20, 2007
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**