IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Willie Charles Bethae, ) | |
| ) | Civil Action No. 4:06-2604-TLW |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| S.P. Richards Company d/b/a ) | |
| Sparco, S.P. Richards Company ) | |
| and SDI Corporation, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Thomas E. Rogers, III, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a), (D.S.C.). In the Report, the Magistrate Judge recommends that the plaintiff's motion for default judgment be denied and plaintiff be allowed an additional ninety (90) days in which to properly serve SDI. The Report was filed on August 20, 2007. Plaintiff filed objections on September 7, 2007.

In conducting this review, the Court applies the following standard:

The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations

omitted).

In light of this standard, the Court has reviewed, de novo, the Report and the objections thereto. The plaintiff "has no objection to the substance of Magistrate Judge Rogers' recommendations other than the recommendation that plaintiff be allowed an additional ninety days to effectuate service." Plaintiff indicates that it cannot make service on SDI Corporation in that amount of time. Accordingly, plaintiff "objects to the recommendation of ninety days and requests that the Court grant plaintiff 270 days from the date of the Court's Order to properly serve SDI Corporation." After a thorough review of the record, the Report, and Plaintiff's objections in accordance with the standard set forth above, and a review of Federal Rules of Civil Procedure Rule 4(m)[1], as well as the applicable case law in this area[2], the Court finds plaintiff's request to be reasonable and hereby directs that service be effected within two hundred seventy days (270) days from the date of this Order, as requested.

Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report is **ACCEPTED** (Doc. # 41) as outlined above, plaintiff's objections are **SUSTAINED** (Doc. # 42) to the extent specified herein, plaintiff's motion for default judgment is **DENIED** and plaintiff is allowed an additional two hundred seventy days from the date of this Order (270) days in which to properly serve SDI Corporation. In light of this decision, the Clerk of Court is directed to remove the entry

---

[1] If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. FED. R. CIV. P. 4(m).

[2] Among numerous, other cases, the Court notes its review of the following two decisions: Mendez v. Elliot, 45 F.3d 75, 79 (4th Cir.1995); Guess?, Inc. v. Chang, 912 F.Supp. 372 (D.C. Ill.1995).

of default from the docket .

**IT IS SO ORDERED**.

                                                      s/ Terry L. Wooten
                                                     TERRY L. WOOTEN
                                                     UNITED STATES DISTRICT JUDGE

September 24, 2007
Florence, South Carolina